**FILED**

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

NOV 1 0 2009

CLERK

| | | |
|---|---|---|
| GARY W. PAGE AND | ) | CIVIL NO. 09-5098 |
| LORIE PAGE, | ) | |
| | ) | |
| PLAINTIFFS, | ) | |
| | ) | |
| v. | ) | COMPLAINT |
| | ) | |
| HERTZ CORPORATION, | ) | |
| HERTZ RENT A CAR, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| KAREN S. KNIPPLE, | ) | |
| | ) | |
| DEFENDANTS. | ) | |

Come now, Plaintiffs, Gary W. Page and Lorie Page, by and through undersigned

counsel, and as and for their complaint against Defendants, state and allege as follows:

## GENERAL ALLEGATIONS

### THE PARTIES

1. At all times relevant, Plaintiff, Gary W. Page, was and is a resident and citizen of

Hillsdale, Ontario, Canada.

2. At all times relevant, Plaintiff Lorie Page, was and is a resident and citizen of

Hillsdale, Ontario, Canada.

3. At all times relevant and upon information and belief, Defendant Hertz

Corporation, was and is a corporation incorporated under the laws of the State of Delaware with

its principal place of business in Parkridge, New Jersey.

4. At all times relevant and upon information and belief, Defendant Hertz

Corporation provides motor vehicles for rent and/or lease to consumers seeking the same

1

throughout the United States including the State of South Dakota and did in fact provide a rental vehicle to Defendant Karen S. Knipple (hereinafter "Defendant Knipple"), which in part relates to the subject matter for this complaint.

5.     At all times relevant and upon information and belief, Defendant Hertz Rent A Car, was and is a corporation incorporated under the laws of the State of Delaware with its principal place of business in Parkridge, New Jersey.

6.     At all times relevant and upon information and belief, Defendant Hertz Rent A Car provides motor vehicles for rent and/or lease to consumers seeking the same throughout the United States including the State of South Dakota and did provide such a rental vehicle to Defendant Knipple which in part relates to the subject matter for this Complaint.

7.     At all times relevant and upon information and belief, Defendant Knipple, was and is a resident and citizen of Cumberland, Maryland.

8.     At all times relevant, Defendant Knipple engaged in minimum contacts with the State of South Dakota and was thereby benefiting from the protection of South Dakota law as she was traveling and operating a motor vehicle upon a public highway within the State of South Dakota at the time of the motor vehicle accident which in part is subject matter for this Complaint.

## RELEVANT BACKGROUND

9.     On or about August 6, 2009, Defendant Knipple was operating a motor vehicle owned, managed, maintained and/or controlled by Defendants Hertz Corporation and Hertz Rent A Car on U.S. Interstate 90 (hereinafter referred to as "I-90") in an east bound direction at or near mile marker 45 at or near Piedmont, Meade County, South Dakota.

2

10. On or about August 6, 2009, Plaintiff Gary W. Page, was operating a motorcycle on I-90 near mile marker 45 at or near Piedmont, Meade County, South Dakota but proceeding in a west bound direction at the time. For both the eastbound and westbound lanes of travel, the surface of I-90 was wet.

11. On or about August 6, 2009, Defendant Knipple, while operating the motor vehicle owned, leased and maintained by Defendants Hertz Corporation and Hertz Rent A Car, proceeded to swerve, fishtail and lose control of said motor vehicle to the extent that the same proceeded to leave both eastbound lanes of travel of I-90 into the grassy median that separates the eastbound and westbound lanes of travel and then into the westbound lanes of travel of I-90 resulting in an immediate head on collision with Plaintiff. Immediately following the accident and during law enforcement investigation of the same, the two rear tires of the vehicle being operated by Defendant Knipple were noted to be virtually devoid of adequate tire tread.

12. On or about August 6, 2009 and just before and at the time of the accident, Plaintiff Gary W. Page, was exercising ordinary care for his safety and the safety of others.

13. As a direct, legal and proximate result of this high-speed head on collision, Plaintiff Gary W. Page has suffered and sustained catastrophic injuries including, but not limited to, crush injuries to the mid torso, thoracic and lumbar spine and hip as well as pulverizing fractures to the left femur, left tibia, left fibula, and a shattering of the left leg to such an extent and degree that the same has necessitated amputation.

## JURISIDICATION AND VENUE

14. The requisite diversity of citizenship of the parties is satisfied pursuant to 28 USC § 1332 (a)(2), 28 USC § 1332 (c)(1) and 28 USC § 1332.

15.    The amount in controversy in this matter, without interest and costs, clearly exceeds the requisite sum or value specified by 28 USC § 1332.

16.    Defendants Hertz Corporation and Hertz Rent A Car, were doing business in the State of South Dakota and are therefore subject to the laws of the State of South Dakota.

17.    Defendant Knipple, was operating a motor vehicle owned, managed, maintained or controlled by Defendants Hertz Corporation and Hertz Rent A Car within the State of South Dakota and is therefore subject to the laws of the State of South Dakota.

18.    The motor vehicle accident which serves as subject matter for this complaint occurred within the jurisdiction of South Dakota. Venue in the Western Division for the District of South Dakota is appropriate in that the subject motor vehicle accident occurred in Meade County, South Dakota. 28 USC § 1391.

## COUNT ONE

### NEGLIGENCE-GARY W. PAGE V. HERTZ CORPORATION

19.    Plaintiff Gary W. Page realleges all things stated above.

20.    At all times relevant, Defendant Hertz Corporation maintained a duty and obligation to use ordinary care and caution in the operation, maintenance, use and/or rental of its motor vehicles so as to not cause injury to persons on the roadway, including Plaintiff, Gary W. Page.

21.    At all times relevant, Defendant Hertz Corporation maintained a duty and obligation to use ordinary care and caution to provide vehicles in good mechanical and operational condition for rental to its customers, including Defendant Knipple, so as to allow her to operate said vehicle in a safe manner so as to not cause injury to persons on the roadway, including Plaintiff, Gary W. Page.

4

22. As a direct, legal and proximate result of Defendant Hertz Corporation's failure to

operate, maintain, service or inspect this particular motor vehicle, certain mechanical

deficiencies caused Defendant Knipple to lose control of her vehicle, causing her vehicle to

travel across the I-90 median into west bound traffic and striking Plaintiff, Gary W. Page, and his

motorcycle.

23. At all times relevant, Defendant Hertz Corporation, was negligent and improperly

did one or more of the following:

a. Failed to operate its car rental business with adequately trained maintenance staff to inspect its vehicles for mechanical or operating defects;

b. Failed to adequately train its managerial and clerking staff on the proper procedures for maintenance and inspection of its rental vehicles;

c. Failed to operate its car rental business with an adequately scheduled maintenance program to insure that the vehicles that it was leasing and/or renting to customers were in a safe and sound mechanical condition;

d. Failed to keep the motor vehicle rented to Defendant Knipple under proper maintenance;

e. Allowed vehicles it rented to be operated on the road beyond the time for necessary scheduled maintenance or repairs in the effort to save money;

f. Directly or indirectly instituted, affirmed or allowed a corporate policy, procedure or atmosphere to be created by its staff by way of bonus, promotional assurances, or otherwise that emphasized cost savings and profits over the safety of its motor vehicles;

g. Failed to warn its customers, including Defendant Knipple, that the motor vehicles that it rented may not operate safely at certain speeds or road conditions due to its lack of scheduled maintenance or repairs;

h. Provided a rental vehicle to Defendant Knipple which did not have adequate tire tread to be operated safely on the roadway.

24. As a direct, legal and proximate result of the negligence of Defendant Hertz

Corporation, Plaintiff Gary W. Page has suffered and sustained catastrophic injury,

incomprehensible pain, suffering, emotional distress, mental anguish, disability and

disfigurement which are permanent.

25. As a direct, legal and proximate result of the negligence of Defendant Hertz Corporation, Plaintiff Gary W. Page has incurred substantial medical expense, anticipated future medical expense, substantial loss of earnings as well as a diminishment in his future earning capacity.

## COUNT TWO

### CONSORTIUM-LORIE PAGE V. HERTZ CORPORATION

26. Plaintiff Lorie Page realleges all things stated above.

27. As a direct, legal and proximate result of the negligence of Defendant Hertz Corporation, Plaintiff Lorie Page has been compelled to take on certain caretaking expenses and as a further result of Plaintiff Gary W. Page's injuries, she has been deprived of his services, society, affection and consortium.

## COUNT THREE

### NEGLIGENCE-GARY PAGE V. HERTZ RENT A CAR

28. Plaintiff Gary W. Page realleges all things stated above.

29. At all times relevant, Defendant Hertz Rent A Car maintained a duty and obligation to use ordinary care and caution in the operation, maintenance, use and/or rental of its motor vehicles so as to not cause injury to persons on the roadway, including Plaintiff, Gary W. Page.

30. At all times relevant, Defendant Hertz Rent A Car maintained a duty and obligation to use ordinary care and caution to provide vehicles in good mechanical and operational condition for rental to its customers, including Defendant Knipple, so as to allow her to operate said vehicle in a safe manner so as to not cause injury to persons on the roadway, including Plaintiff, Gary W. Page.

31.     As a direct, legal and proximate result of Defendant Hertz Rent A Car's failure to

operate, maintain, service or inspect this particular motor vehicle, certain mechanical

deficiencies caused Defendant Knipple to lose control of her vehicle, causing her vehicle to

travel across the I-90 median into west bound traffic and striking Plaintiff, Gary W. Page, and his

motorcycle.

32.     At all times relevant, Defendant Hertz Rent A Car, was negligent and improperly

did one or more of the following:

a.     Failed to operate its car rental business with adequately trained
       maintenance staff to inspect its vehicles for mechanical or operating
       defects;

b.     Failed to adequately train its managerial and clerking staff on the proper
       procedures for maintenance and inspection of its rental vehicles;

c.     Failed to operate its car rental business with an adequately scheduled
       maintenance program to insure that the vehicles that it was leasing and/or
       renting to customers were in a safe and sound mechanical condition;

d.     Failed to keep the motor vehicle rented to Defendant Knipple under proper
       maintenance;

e.     Allowed vehicles it rented to be operated on the road beyond the time for
       necessary scheduled maintenance or repairs in the effort to save money;

f.     Directly or indirectly instituted, affirmed or allowed a corporate policy,
       procedure or atmosphere to be created by its staff by way of bonus,
       promotional assurances, or otherwise that emphasized cost savings and
       profits over the safety of its motor vehicles;

g.     Failed to warn its customers, including Defendant Knipple, that the motor
       vehicles that it rented may not operate safely at certain speeds or road
       conditions due to its lack of scheduled maintenance or repairs;

h.     Provided a rental vehicle to Defendant Knipple which did not have
       adequate tire tread to be operated safely on the roadway.

33.     As a direct, legal and proximate result of the negligence of Defendant Hertz Rent

A Car, Plaintiff Gary W. Page has suffered and sustained catastrophic injury, incomprehensible

pain, suffering, emotional distress, mental anguish, disability and disfigurement which are

permanent.

34.     As a direct, legal and proximate result of the negligence of Defendant Hertz Rent

A Car, Plaintiff Gary W. Page has incurred substantial medical expense, anticipated future

medical expense, substantial loss of earnings as well as a diminishment in his future earning

capacity.

## COUNT FOUR

### CONSORTIUM-LORIE PAGE V. HERTZ RENT A CAR

35.     Plaintiff Lorie Page realleges all things stated above.

36.     As a direct, legal and proximate result of the negligence of Defendant Hertz Rent

A Car, Plaintiff Lorie Page has been compelled to take on certain caretaking expenses and as a

further result of Plaintiff Gary W. Page's injuries, she has been deprived of his services, society,

affection and consortium.

## COUNT FIVE

### STRICT LIABILITY-GARY W. PAGE V. HERTZ CORPORATION

37.     Plaintiff Gary W. Page realleges all things stated above.

38.     Defendant Hertz Corporation, individually and/or collectively with others,

distributed, rented and/or leased the motor vehicle operated by Defendant Knipple at the time of

the motor vehicle accident which serves as subject matter for this Complaint. Defendant Hertz

Corporation as well expected and could reasonably anticipate that said motor vehicle distributed,

rented and/or leased by them would reach consumers or the ultimate users thereof, such as

Defendant Knipple, in the general condition in which it was distributed, rented and/or leased.

The subject motor vehicle did in fact reach Defendant Knipple, as a user thereof, without

substantial change in the condition in which it was originally distributed, rented and/or leased.

39.     At the time the subject motor vehicle was distributed, rented and/or leased by

Defendant Hertz Corporation, the motor vehicle itself was defective and unreasonably dangerous

to any consumer or ultimate user thereof.

40.     Defendant Hertz Corporation knew, or, in the exercise of ordinary and reasonable

care, should have known, of the defective condition of the subject motor vehicle.

41.     Defendant Knipple at all times relevant used and operated the subject vehicle in a

manner in which Defendant Hertz Corporation could reasonably have anticipated and foreseen

that it would be used.

42.     The subject motor vehicle was defective and unreasonably dangerous to any user

at the time of the subject motor vehicle accident and the catastrophic injury sustained by Plaintiff

Gary W. Page because of several factors, including, without limitation the following acts and/or

omissions on the part of Defendant Hertz Corporation:

- a.    Failed to operate its car rental business with adequately trained maintenance staff to inspect its vehicles for mechanical or operating defects;
- b.    Failed to adequately train its managerial and clerking staff on the proper procedures for maintenance and inspection of its rental vehicles;
- c.    Failed to operate its car rental business with an adequately scheduled maintenance program to insure that the vehicles that it was leasing and/or renting to customers were in a safe and sound mechanical condition;
- d.    Failed to keep the motor vehicle rented to Defendant Knipple under proper maintenance;
- e.    Allowed vehicles it rented to be operated on the road beyond the time for necessary scheduled maintenance or repairs in the effort to save money;
- f.    Directly or indirectly instituted, affirmed or allowed a corporate policy, procedure or atmosphere to be created by its staff by way of bonus, promotional assurances, or otherwise that emphasized cost savings and profits over the safety of its motor vehicles;
- g.    Failed to warn its customers, including Defendant Knipple, that the motor vehicles that it rented may not operate safely at certain speeds or road conditions due to its lack of scheduled maintenance or repairs;
- h.    Provided a rental vehicle to Defendant Knipple which did not have adequate tire tread to be operated safely on the roadway.

9

43.    Defendant Hertz Corporation, as the owner and lessor of the motor vehicle operated by Defendant Knipple on or about August 6, 2009 is strictly liable in tort for any and all injuries and damages proximately caused by said motor vehicle and/or its component parts.

44.    As a direct, legal and proximate result of the defective and unreasonably dangerous condition of this motor vehicle, Plaintiff Gary W. Page suffered and sustained catastrophic injury, incomprehensible pain, suffering, emotional distress, mental anguish, disability and disfigurement which are permanent.

45.    As a direct, legal and proximate result of the defective and unreasonably dangerous condition of this vehicle, Plaintiff has incurred substantial medical expense, anticipated future medical expense, substantial loss of earnings and a diminishment in his future earning capacity.

46.    Defendant Hertz Corporation, through its acts and/or omissions, the same acts and/or omissions which serve as the basis for Plaintiff Gary W. Page's claim of strict liability in tort has been guilty of oppression, fraud and malice and has been guilty of willful and wanton misconduct so in disregard of humanity that Plaintiff Gary W. Page is therefore entitled to punitive damages in an amount to be determined by a jury.

## COUNT SIX

## STRICT LIABILITY-GARY W. PAGE V. HERTZ RENT A CAR

47.    Plaintiff Gary W. Page realleges all things stated above.

48.    Defendant Hertz Rent A Car, individually and/or collectively with others, distributed, rented and/or leased the motor vehicle operated by Defendant Knipple at the time of the motor vehicle accident which serves as subject matter for this Complaint. Defendant Hertz Rent A Car as well expected and could reasonably anticipate that said motor vehicle distributed,

10

rented and/or leased by them would reach consumers or the ultimate users thereof, such as
Defendant Knipple, in the general condition in which it was distributed, rented and/or leased.
The subject motor vehicle did in fact reach Defendant Knipple, as a user thereof, without
substantial change in the condition in which it was originally distributed, rented and/or leased.

49.    At the time the subject motor vehicle was distributed, rented and/or leased by
Defendant Hertz Rent A Car, the motor vehicle itself was defective and unreasonably dangerous
to any consumer or ultimate user thereof.

50.    Defendant Hertz Rent A Car knew, or, in the exercise of ordinary and reasonable
care, should have known, of the defective condition of the subject motor vehicle.

51.    Defendant Knipple at all times relevant used and operated the subject vehicle in a
manner in which Defendant Hertz Rent A Car could reasonably have anticipated and foreseen
that it would be used.

52.    The subject motor vehicle was defective and unreasonably dangerous to any user
at the time of the subject motor vehicle accident and the catastrophic injury sustained by Plaintiff
Gary W. Page because of several factors, including, without limitation the following acts and/or
omissions on the part of Defendant Hertz Rent A Car:

a.    Failed to operate its car rental business with adequately trained
      maintenance staff to inspect its vehicles for mechanical or operating
      defects;
b.    Failed to adequately train its managerial and clerking staff on the proper
      procedures for maintenance and inspection of its rental vehicles;
c.    Failed to operate its car rental business with an adequately scheduled
      maintenance program to insure that the vehicles that it was leasing and/or
      renting to customers were in a safe and sound mechanical condition;
d.    Failed to keep the motor vehicle rented to Defendant Knipple under proper
      maintenance;
e.    Allowed vehicles it rented to be operated on the road beyond the time for
      necessary scheduled maintenance or repairs in the effort to save money;

11

     f.      Directly or indirectly instituted, affirmed or allowed a corporate policy, procedure or atmosphere to be created by its staff by way of bonus, promotional assurances, or otherwise that emphasized cost savings and profits over the safety of its motor vehicles;

     g.     Failed to warn its customers, including Defendant Knipple, that the motor vehicles that it rented may not operate safely at certain speeds or road conditions due to its lack of scheduled maintenance or repairs;

     h.     Provided a rental vehicle to Defendant Knipple, which did not have adequate tire tread to be operated safely on the roadway.

53.     Defendant Hertz Rent A Car, as the owner and lessor of the motor vehicle operated by Defendant Knipple on or about August 6, 2009 is strictly liable in tort for any and all injuries and damages proximately caused by said motor vehicle and/or its component parts.

54.     As a direct, legal and proximate result of the defective and unreasonably dangerous condition of this motor vehicle, Plaintiff Gary W. Page suffered and sustained catastrophic injury, incomprehensible pain, suffering, emotional distress, mental anguish, disability and disfigurement which are permanent.

55.     As a direct, legal and proximate result of the defective and unreasonably dangerous condition of this vehicle, Plaintiff Gary W. Page has incurred substantial medical expense, anticipated future medical expense, substantial loss of earnings and a diminishment in his future earning capacity.

56.     Defendant Hertz Rent A Car, through its acts and/or omissions, the same acts and/or omissions which serve as the basis for Plaintiff Gary W. Page's claim of strict liability in tort has been guilty of oppression, fraud and malice and has been guilty of willful and wanton misconduct so in disregard of humanity that Plaintiff Gary W. Page is therefore entitled to punitive damages in an amount to be determined by a jury.

## COUNT SEVEN

### NEGLIGENCE- GARY W. PAGE V. KAREN S. KNIPPLE

57. Plaintiff Gary W. Page realleges all things stated above.

58. At all times relevant, Defendant Knipple maintained a duty and obligation to use

ordinary care and caution in the operation, maintenance, use and/or rental of her motor vehicle so

as not to cause injury to persons on the roadway, including Plaintiff Gary W. Page.

59. At all time relevant, Defendant, Karen S. Knipple, breached this duty and was

negligent as she improperly did one or more of the following:

a. Driving too fast for road and vehicle conditions;
b. Failed to keep an adequate lookout for other vehicles, including Plaintiff's
   motor cycle;
c. Failed to keep her motor vehicle under adequate control so as to avoid
   injury to Plaintiff and/or others;
d. Failed to steer and control the speed of her motor vehicle to insure that the
   same would not collide with Plaintiff's motorcycle;
e. Operated her motor vehicle without due caution at a speed or in a manner
   that endangered Plaintiff in direct violation of SDCL 32-24-8;
f. Failed to decrease the speed of her vehicle when a special hazard existed;
g. Failed to give audible warning of the approach of her motor vehicle to
   Plaintiff's motorcycle;
h. Failed to reasonably inspect her vehicle prior to its operation;
i. Operated said motor vehicle when it had inadequate tire tread;
j. Failed to inspect said vehicle at the time of rental up to the time of the
   collision which serves as subject matter for this complaint;
k. Failed to apply the brakes of said motor vehicle, when danger to Plaintiff
   Gary W. Page was imminent;
l. Failed to stop said motor vehicle in time to avoid striking Plaintiff's
   motorcycle upon which he was riding at the time.

60. As a direct, legal and proximate result of Defendant Knipple's negligence,

Plaintiff Gary W. Page has suffered and sustained catastrophic injury, incomprehensible pain,

suffering, mental anguish, emotional distress, disability and disfigurement which are permanent.

13

61. As a direct, legal and proximate result of Defendant Knipple's negligence, Plaintiff Gary W. Page has incurred substantial medical expense, anticipated future medical expense, substantial loss of earnings and a diminishment in his future earning capacity.

## COUNT SEVEN

### CONSORTIUM – LORIE PAGE V. KAREN S. KNIPPLE

62. Plaintiff Lorie Page realleges all things stated above.

63. As a direct, legal and proximate result of the negligence of Defendant Knipple, Plaintiff Lorie Page has been compelled to take on certain caretaking expenses and as a further result of Plaintiff Gary W. Page's injuries, she has been deprived of his services, society, affection and consortium.

WHEREFORE, Plaintiffs pray for judgment against Defendants, individually and/or collectively, as follows:

1. For any and all general, special and consequential damages in a sum to be determined by a jury;

2. For any and all punitive damages in a sum to be determined by a jury;

3. For prejudgment interest;

4. For any and all costs, disbursements and attorneys' fees incurred in the pursuit of this action; and

5. For such other and further relief as the court deems just and appropriate.

### PLAINTIFFS HEREBY DEMAND TRIAL BY JURY ON ALL ISSUES

14

Dated this _10th_ day of November, 2009.

FINCH MAKS, PROF., L.L.C.

Dennis W. Finch
Attorneys for Plaintiffs
1830 West Fulton Street, Suite 201
Rapid City SD 57702
(605) 791-4777

Edgar K Collison III, Esquire
Kevin W. O'Connor, Esquire
19 South Lasalle Street, 15th Floor
Chicago IL   60603
(312) 229-1560

15