UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| GARY W. PAGE and LORIE PAGE, | ) | |
| | ) | CIV. 09-5098 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER GRANTING IN PART** |
| | ) | **AND DENYING IN PART** |
| HERTZ CORPORATION; | ) | **HERTZ'S REQUEST FOR** |
| HERTZ RENT A CAR, and | ) | **ATTORNEY'S FEES** |
| KAREN S. KNIPPLE, | ) | |
| | ) | |
| Defendants. | ) | |

**INTRODUCTION**

This matter is before the court pursuant to a complaint alleging negligence and strict liability by plaintiffs Gary and Lorie Page, husband and wife, against defendants arising out of an August 6, 2009, motor vehicle accident in South Dakota.  See Docket No. 1.  Previously, this court granted in part and denied in part a motion for sanctions or, in the alternative, to compel, filed by Hertz Corporation and Hertz Rent A Car (collectively "Hertz").  See Docket No. 60.  Now presented for the court's determination is the matter of the attorneys fees to be awarded to Hertz as a result of their partially successful motion.

1

**FACTS**

The facts pertinent to the motion pending before this court are as follows. Gary and Lorie Page reside in Hillsdale, Ontario, Canada.  On August 6, 2009, Gary Page was operating a motorcycle on Interstate 90 near Piedmont, South Dakota, when he was involved in an accident with Karen Kipple, who was operating a motor vehicle owned by Hertz.  See Docket No. 1 at ¶¶ 10-11.  As a result of the accident, Mr. Page asserts that he suffered and sustained numerous injuries, among which were a permanent traumatic brain injury. See Docket No. 53 at pages 27-28. Mr. Page's expert, Dr. Kurzman, issued an opinion supporting this latter assertion of injury.

By mutual agreement, Hertz, arranged for Mr. Page to undergo an independent medical neuropsychological evaluation ("IME") with an expert chosen by Hertz, Dr. Gregory Thwaites, in Colorado.  The IME with Dr. Thwaites was to take place on May 27, 2011.  See Docket No. 53 at page 31.  Hertz paid for Mr. Page's transportation and lodging in connection with this trip.

Although Mr. Page reported to Dr. Thwaites' office for the IME on May 27, he left shortly after making contact with Dr. Thwaites and refused to undergo the IME.  Mr. Page thereafter refused requests by Hertz to reschedule the IME with Dr. Thwaites.  After unsuccessfully exploring different options to obtain

the IME, Hertz filed its motion for sanctions or, in the alternative, to compel.
<u>See</u> Docket No. 42.

     This court granted Hertz's motion in part and denied it in part.  <u>See</u>
Docket No. 60.  The court granted Hertz's request that Mr. Page submit to an
IME with Dr. Thwaites at Mr. Page's own expense and to reimburse Hertz for
the $4,750.00 Dr. Thwaites charged Hertz for the aborted May 27, 2011,
examination.  <u>Id.</u>  The court ordered Mr. Page to turn over in discovery the raw
data from his own neuropsychological assessment by his own doctor,
Dr. Kurzman.  <u>Id.</u>  The court denied Hertz's request to dismiss the Pages'
complaint or to bar the Pages from introducing at trial evidence of Mr. Page's
brain injury.  <u>Id.</u>

     As sanctions for not providing the requested discovery, the court
indicated it would entertain awarding reasonable attorney's fees to Hertz for
having to bring the motion.  <u>Id.</u>  Hertz has now filed affidavits in support of its
request for attorneys fees as follows:  $2,012.50 for attorney Gene Bushnell,
representing 11.5 hours of his time at a rate of $175 per hour; $7,470.00 for
attorney Stephen Hoffman, representing 49.8 hours of his time at a rate of
$150 per hour; and $727.50 for paralegal Victoria Kelner, representing 9.7
hours of her time at a rate of $75 per hour.  <u>See</u> Docket Nos. 64, 65, and 66.
The total in attorney's fees and paralegal's fees requested by Hertz is $10,210.

Although the court afforded plaintiffs the opportunity to oppose Hertz's request for attorneys fees, plaintiffs have not done so.  Hertz filed its affidavits in support of its request for attorneys fees on December 5, 2011.  Id.  The Pages had 14 days to oppose those affidavits by lodging objections to the hourly rate, the time spent, or any factual matter.  See Docket No. 60.  As of the writing of this opinion, the Pages have not so responded.

**DISCUSSION**

**A.    Lodestar Method of Determining a Reasonable Award of Attorney's Fees**

The court must evaluate Hertz's request for attorney's fees to determine whether it is reasonable, even in the absence of objection by the opposing party.  In determining a reasonable award of attorney's fees under Fed. R. Civ. P. 37, the court begins by figuring the lodestar, which is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rates.  Finley v. Hartford Life & Accident Ins. Co., 249 F.R.D. 329, 332-33 (N.D. Cal. 2008); Tequila Centinela, S.A. de C.V. v. Bacardi & Co., Ltd., 248 F.R.D. 64, 68 (D.D.C. 2008); Creative Resources Group of New Jersey, Inc. v. Creative Resources Group, Inc., 212 F.R.D. 94, 103 (E.D.N.Y. 2002); Kayhill v. Unified Gov't. of Wyandotte County, 197 F.R.D. 454, 459 (D. Kan. 2000); and Trbovich v. Ritz-Carlton Hotel Co., 166 F.R.D. 30, 32 (E.D. Mo. 1996). The burden is on the moving party to prove that the request for attorneys' fees is

reasonable.  Tequila Centinela, S.A. de C.V., 248 F.R.D. at 68; Creative Resources Group, Inc., 212 F.R.D. at 103; Kayhill, 197 F.R.D. at 459.

**B.    Reasonable Hourly Rate**

The reasonable hourly rate is usually the ordinary rate for similar work in the community where the case is being litigated.  Tequila Centinela, S.A. de C.V., 248 F.R.D. at 68 (citing Laffy v. Northwest Airlines, Inc., 746 F.2d 4, 16 (D.C. Cir. 1984)) (hourly rate must be sufficient to attract competent counsel, but not so excessive as to produce a windfall, and generally must be in line with rates charged by other attorneys of comparable skill, reputation, and ability within the community.) In this case, Hertz has submitted a request for attorney's fees based on a normal hourly rate of $175.00 per hour and $150 per hour for attorneys Gene Bushnell and Stephen Hoffman, respectively, and $75.00 per hour for paralegal Victoria Kelner.

Hertz has not submitted affidavits attesting to the the prevailing hourly attorney rates in the District of South Dakota.  Instead, Hertz merely points out court decisions approving rates of $250 to $200 per hour.  The court can take judicial notice of the prevailing rates in this district based on its own knowledge of prevailing rates here.  See Creative Resources Group, Inc., 212 F.R.D. at 103-104 (holding that "it is within the judge's discretion to determine reasonable fees based on his or her knowledge of prevailing community rates"). Experienced, partner-level trial counsel in this community have received

5

awards of attorneys fees ranging from $200.00 per hour to $225.00 per hour in lawsuits requiring highly specialized knowledge. See Cottier v. City of Martin, Civ. No. 02-5021, Docket No. 469, page 6 (D.S.D. March 25, 2008); Bone Shirt v. Hazeltine, Civ. No. 01-3032, Docket No. 411, page 4 (D.S.D. June 22, 2006). In other cases where the hourly rate is limited by statute, courts have awarded fees based on an hourly rate of $150 per hour. See Kahle v. Leonard, Civ. No. 04-5024, Docket No. 259 (D.S.D. July 14, 2008). In awards of attorneys fees as sanctions for motions to compel, the hourly rates of attorneys' fees have ranged from $145 per hour to $250 per hour. See Heil v. Belle Starr Saloon & Casino, Inc., Civ. No. 09-5074, Docket No. 68 (D.S.D.); Beyer v. Medco Ins. Group, Civ. No. 08-5058, Docket No. 65 (D.S.D.); Howard Johnson Internat'l, Inc. v. Inn Development, Inc., Civ. No. 07-1024, Docket No. 73 (D.S.D.); Oyen v. Land O'Lakes Inc., Civ. 07-4112, Docket Nos. 56, 62 (D.S.D.). The hourly rate of $75.00 per hour for paralegal time has also been approved. See Kale, 2008 WL 2776494 *4 (D.S.D.); Cottier v. Martin, 2008 WL 2696917 * 5 (D.S.D.).

The court concludes on the basis of its own knowledge of prevailing rates in the District of South Dakota and also based on recent awards of attorney's fees that the hourly rates requested for Mr. Bushnell, Mr. Hoffman, and Ms. Kelner's time are reasonable hourly rates in this district.

C.      **Reasonable Hours**

The court must also determine whether the number of hours spent by Hertz's attorneys was reasonable. Some courts have held that 30 and 21 hours spent in researching and drafting a discovery motion were a disproportionate amount of time for the nature of the dispute.   See Criterion 508 Solutions, Inc. v. Lockheed Martin Services, Inc., 255 F.R.D. 489, 496 (S.D. Ia. 2008) and Foxley Cattle Co. v. Grain Dealers Mut. Ins. Co., 142 F.R.D. 677, 680 (S.D. Ia. 1992).

In this district, this court has approved requests for attorneys fees ranging from $1,041.45 to $1,509.97 for run-of-the-mill motions to compel. See Heil, Civ. No. 09-5074, Docket No. 68 ($1,041.45 awarded); Howard Johnson Internat'l. Inc., Civ. No. 07-1024, Docket No. 73 ($1,453.50 awarded); Oyen, Civ. No. 07-4112, Docket Nos. 56 and 62 ($1,509.97 awarded to defendant on defendant's motion to compel; $1,140.75 awarded to plaintiff on plaintiff's motion to compel).

In one extraordinary case in which the plaintiff made a detailed motion to compel involving numerous issues, the court granted that motion, and then plaintiff had to make a second motion to compel when the defendant refused to comply with the court' previous order, the court awarded $13,480 in attorneys' fees.  See Beyer, Civ. No. 08-5058, Docket No. 65 (D.S.D.).

7

Here, Hertz presented really only two issues in its motion to compel, and neither issue was complex or difficult.  Those issues were:  should Gary Page be required to undergo an IME with the doctor selected by Hertz, and should the Pages be required to turn over to Hertz their own neuropsychologist's raw data.  A related issue was what sanctions, if any, should be imposed as a result of Gary Page's refusal to undergo the IME with Dr. Thwaites.

Hertz requests compensation for a total of 71 hours on its motion to compel.  Mr. Bushnell requests 11.5 hours.  Of these 11.5 hours, Mr. Bushnell requests 4.8 hours in discussions with the Pages' counsel trying to make arrangements for another IME short of filing the motion to compel that was ultimately filed.  This time was not duplicated by either Mr. Hoffman or Ms. Kelner.  It appears directly related to Gary Page's refusal to undergo the IME.  Accordingly, the court grants these hours.

However, Mr. Bushnell also requests 2.2 hours for conversations or writings exchanged between himself and his client.  These are not directly related to Mr. Page's actions.  Mr. Bushnell would have been required to inform his client as to his actions whether the IME took place or not.  The court will not require the Pages to pay Mr. Bushnell for simply carrying out his duty of keeping his client informed.

Mr. Bushnell also requests 4.5 hours for reviewing the briefs that Mr. Hoffman researched and drafted.  This is duplicative.  It also seems

unnecessary as Mr. Hoffman is highly intelligent, having graduated second in his law school class, was a federal law clerk for three years, and has been writing briefs for the Costello Porter law firm for 24 years. <u>See</u> Docket No. 65, ¶¶ 1-4.

Mr. Hoffman himself requests 20.9 hours for researching the motion, and 28.9 hours for drafting two briefs totaling 34 pages. The total spent by Mr. Hoffman in strictly researching and writing is 49.8 hours. This, to the court, seems excessive. Just the drafting time alone equates to 51 minutes per page of the briefs.

The burden is on Hertz to prove that its request for attorneys' fees is reasonable. <u>Tequila Centinela, S.A. de C.V.</u>, 248 F.R.D. at 68; <u>Creative Resources Group, Inc.</u>, 212 F.R.D. at 103; <u>Kayhill</u>, 197 F.R.D. at 459. In reviewing prior similar motions, the court notes that attorneys have spent anywhere from 4.8 hours to 10.9 hours on routine motions to compel. <u>See</u> <u>Heil</u>, Civ. No. 09-5074, Docket No. 68; <u>Howard Johnson Internat'l. Inc.</u>, Civ. No. 07-1024, Docket No. 73; <u>Oyen</u>, Civ. No. 07-4112, Docket No. 56.

Hertz argues that the time spent on the research was justified because of the "relative dearth of authority regarding the court's authority to impose sanctions where no order pursuant to rule 35 had been entered." <u>See</u> Docket No. 65, at ¶ 10. The court acknowledges the dearth of authority referenced by Hertz, but still finds the number of hours spent by Mr. Hoffman on research

and writing this discovery motion, especially given Mr. Hoffman's long experience as his firm's specialist in researching and writing briefs, to be unreasonable.  Giving Hertz the benefit of the doubt, the court finds that a reasonable number of hours to have spent on its motion to compel by Mr. Hoffman would be 20  hours.

In arriving at this number, the court takes into account the fact that Hertz was only partially successful in its motion to compel, the court having denied the most draconian sanctions requested by Hertz.  In addition, Mr. Page has already paid a sanction for his refusal to undergo the Thwaites IME by being required to reimburse Hertz for the $4,750.00 fee charged by Dr. Thwaites for the aborted appointment.  See Docket No. 60.

Mr. Hoffman also asserts that he spent much time trying to ascertain the conversations that had occurred between the parties leading up to the Thwaites IME so as to be able to rebut the factual allegations asserted by the Pages in opposition to Hertz's motion to compel.  However, these conversations appear to have all taken place in the form of exchanged e-mails, which should not have posed a difficult burden to find.  Furthermore, it appears that paralegal Ms. Kelner performed the lion's share of the task of locating these emails.

The activities of paralegal Ms. Kelner appear to be necessary and not duplicative of the activities of either Mr. Bushnell or Mr. Hoffman.  Further, the number of hours for each task appears reasonable.

## CONCLUSION

Based on the forgoing discussion, it is hereby

ORDERED that Hertz's request for attorney's fees is granted in part and denied in part.  The Pages shall pay to Hertz within 30 days the following sum in attorney's fees:

| | | |
|---|---|---|
| Mr. Bushnell | $   840.00 | (4.8 hours at $175 per hour) |
| Mr. Hoffman | $3,000.00 | (20 hours at $150 per hour) |
| Ms. Kelner | $   727.50 | (9.7 hours at $75 per hour) |
| Subtotal | $4,567.50 | |
| SD Sales Tax | $   274.05 | (6%) |
| **TOTAL** | **$4,841.55** | |

### NOTICE OF RIGHT TO APPEAL

Pursuant to 28 U.S.C. § 636(b)(1)(A), any party may seek reconsideration of this order before the district court upon a showing that the order is clearly erroneous or contrary to law.  The parties have fourteen (14) days after service of this order to file written objections pursuant to 28 U.S.C. § 636(b)(1)(A), unless an extension of time for good cause is obtained.  See Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A).   Failure to file timely objections will result in

the waiver of the right to appeal questions of fact.  Id.  Objections must be timely and specific in order to require review by the district court.  Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

    Dated January 20, 2012.

                            BY THE COURT:

                            /s/ *Veronica L. Duffy*

                            VERONICA L. DUFFY
                            UNITED STATES MAGISTRATE JUDGE

12